RICARDO HERNANDEZ
HERNANDEZ LAW OFFICE, LLC.
440 S. 6TH STREET
P.O. BOX 1039
SUNNYSIDE, WA 98944
(509) 837-3184

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. ABEL RIVERA, Defendant. | No. 4:23-CR-06019-SAB-5<br><br>Motion to Reopen Detention Hearing and for the Order of Release<br><br>**With Oral Argument**<br>**August 13, 2024- Richland**<br>**10:00am Richland, WA** |

Abel Rivera, through counsel, Ricardo Hernandez, moves the Court to reopen the detention hearing and permit him release pending trial.

**Background**

The defendant was originally released on pre-trial supervision. The defendant subsequently violated his conditions of release by using Marijuana. A hearing was held on November 7, 2023 and the defendant was held without bail.

The defendant is charged by indictment with conspiracy to distribute 500 grams or more of a mixture of substance containing methamphetamine, and distribution of 400 Grams or more of a mixture or substance containing a detectable amount of Fentanyl. ECF No. 39.

**Analysis**

Under 18 U.S.C. § 3142(f)(2) a detention hearing may be reopened "at any time before trial," based upon new information relevant to the issue of the Court's detention order. As stated



RICARDO HERNANDEZ.
HERNANDEZ LAW OFFICE
440 S. 6TH STREET
P.O. BOX 1039
SUNNYSIDE, WA 98944
(509) 837-3184

above, the defendant's pre-trial release was revoked due to the defendant's use of marijuana. Since then, the defendant was evaluated at Somerset Counseling and it is being recommended that he undergo inpatient counseling. And it is counsel's understanding that Somerset Counseling can arrange for a bed date at ABHS for inpatient treatment.

Because the government has invoked the rebuttable presumption of detention, Mr. Rivera must produce some evidence that he is neither a flight risk or a danger. See 18 U.S.C. § 3142(f); United States v. Clark, 791 F.Supp 529 (E.D. Wa. 1992) (Nielsen, J.). Once the presumption is rebutted, the government bears the burden of persuasion and must show Mr. Rivera cannot be released on the least restrictive conditions possible. See 18 U.S.C. § 3142(b)(c). If there are questions about flight risk or safety, then the government must show that all supervision conditions and powers will not reasonably assure Mr. Rivera's appearance and community safety. Id. Only after the government establishes there are no conditions of release that can reasonably assure Mr. Rivera's appearance and community safety, may the Court detain him.

The Court must consider several factors in determining whether pretrial release is appropriate, including: (a) the nature and circumstances of the crime charged, (b) the weight of the evidence, (c) the history and characteristics of the defendant, and (d) the nature and seriousness of the danger to the community or individual. See 18 U.S.C. § 3142(g); United States v. Motamedi, 767 F.2d 1403, 1407 (9th Cir. 1985)hen. Any "[d]oubts regarding the propriety of release should be resolved in favor of the defendant." Id.

**1. Mr. Rivera is not a serious risk of flight and conditions can be fashioned to ensure his appearance.**

Mr. Rivera is not a serious flight risk, and pretrial detention is not justified on this basis. As indicated above, Mr. Rivera was originally placed on pre-trial release. His pre-trial release was



RICARDO HERNANDEZ.
HERNANDEZ LAW OFFICE
440 S. 6TH STREET
P.O. BOX 1039
SUNNYSIDE, WA 98944
(509) 837-3184

revoked due to Mr. Rivera's use of Marijuana. Mr. Rivera has since obtained an alcohol/drug evaluation at Somerset Counseling. Somerset Counseling has recommended that Mr. Rivera undergo inpatient counseling. It is defense counsel's understanding that Somerset Counseling will arrange a bed date for Mr. Rivera at ABHS.

Based on Mr. Rivera's longstanding presence in Washington State, his risk of flight is minimal. The government bears the burden to show that no possible conditions could alleviate the risk of flight, even in a presumption case, and it has not met the burden here. United States v. Bustamante Conchas, 557 Fed. Appx. 803, 806 (10th Cir. 2014) ("Nor has the government shown that the conditions the district court imposed on Bustamante will not alleviate the risk of flight.")

**2. Mr. Rivera is not a danger to the community.**

Besides not being a serious flight risk, Mr. Rivera is also not a danger to the community, and there are conditions that can be fashioned to "reasonably assure the public's safety. See, e.g., United States v. Orta, 760 F.2d 887, 891 (8th Cir. 1985) (noting that "reasonably assure" does not mean "guarantee"). The allegations in this case are serious, but as the Court is aware, Mr. Rivera is still presumed innocent, and the nature and circumstances of the offense do not permit a pretrial determination of guilt. Also, the weight of the evidence is given the least weight. See Motamedi, 767 F.2d at 1408.

Again, Mr. Rivera was originally released on pre-trial release on this case. His release was subsequently revoked for violating his conditions of release by using Marijuana. Since then, Mr. Rivera has obtained an alcohol/drug evaluation at Somerset Counseling. Somerset Counseling is recommending inpatient treatment. It is defense counsel's understanding that Somerset Counseling will arrange for a bed date for Mr. Rivera at ABHS.

Accordingly, there is insufficient evidence upon which to detain Mr. Rivera for dangerousness to the community. The government "must convince a neutral decision maker by clear and convincing evidence that no conditions of release can feasibly assure the safety of the community or any



RICARDO HERNANDEZ.
HERNANDEZ LAW OFFICE
440 S. 6TH STREET
P.O. BOX 1039
SUNNYSIDE, WA 98944
(509) 837-3184

person." *United State v. Salerno*, 481 U.S. 739, 750 (1987). The government has not met its burden here, and the Court can certainly impose reasonable conditions of release to address any concerns about Mr. Rivera, and assure the safety of the community.

**3. <u>Release Plan.</u>**

To address any concerns the Court may have about risk of flight or danger to the community, Mr. Rivera proposes these conditions of release:

• Reside at the previously approved residence of 4200 West Kennewick Ave. Apt C, Kennewick, WA 99336

• Imposition of home confinement requiring Mr. Rivera to remain in the designated residence, unless otherwise granted permission by the probation officer.

• Imposition of electronic, or GPS monitoring.

• No use, or possession of firearms.

• No use of controlled substances.

• Undergo inpatient treatment and follow through with any recommended treatment.

• Report to the pretrial services probation officer on a daily or weekly basis or as directed

**<u>Conclusion</u>**

Mr. Rivera respectfully requests the Court to release him to ABHS for inpatient treatment. Mr. Rivera asserts there are a combination of conditions this court could impose to reasonably assure his appearance and the safety of others or the community.

Dated: August 8, 2024.

Respectfully Submitted,

s/ Rick Hernandez
Rick Hernandez



RICARDO HERNANDEZ.
HERNANDEZ LAW OFFICE
440 S. 6TH STREET
P.O. BOX 1039
SUNNYSIDE, WA 98944
(509) 837-3184

**Certificate of Service**

I hereby certify that on August 8, 2024 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: **Rebecca Perez**, Assistant United States Attorney.

s/ Rick Hernandez
Rick Hernandez



RICARDO HERNANDEZ.
HERNANDEZ LAW OFFICE
440 S. 6TH STREET
P.O. BOX 1039
SUNNYSIDE, WA 98944
(509) 837-3184